In the Matter of the Probate of the Will of JOSEF LIEBER, Deceased.

Surrogate's Court, New York County, May 27, 1953.

*Jacob Hecht, Joseph G. Blum* and *Daniel Gersen* for Joseph Handler, contestant.

*Emil Weitzner* and *Joseph Levine* for Hedy Wegier, proponent.

FRANKENTHALER, S. This is a motion under section 288 of the Civil Practice Act for an order requiring the proponent to produce for examination before trial " all persons through whom the proponent intends to prove that the alleged last will and testament of the decedent dated June 5, 1947, was in existence on July 24, 1952, and could not therefore have been destroyed by the testator with the intention of revoking it." The proponent has offered for probate a copy of the will of June 5, 1947, claiming that it was in existence on July 24, 1952, and that thereafter and until August 17, 1952, the date of his death, the decedent was incompetent. The proponent asserts that he will establish a lack of testamentary capacity which would have prevented effective revocation of the will after the date on which its existence is asserted to be possible of proof. The proponent's attorney has declined to divulge the names of the witnesses whose testimony he will employ to establish the truth of these allegations. The contestant has brought on this motion to compel the production of all such witnesses whose names he has not supplied because of the fact that they are unknown to him.

The contestant urges upon the court the existence of " special circumstances " sufficient under section 288 of the Civil Practice Act to allow the examination sought. He states that the witnesses who will be produced to establish the lack of testamentary cápacity occupy a position analogous to that of subscribing witnesses in the usual case and points out that the examination of the subscribing witnesses would be allowed as a matter of course. He argues from this basis that the examination of these witnesses should be permitted in this case. No authority exists for the proposition that a litigant is entitled to an examination of all of the witnesses his adversary anticipates producing upon the trial, particularly where the former seeks a blanket examination of persons he is not able to identify. If such a ruling were followed it would require the allowance of an examination of all of the contestant's witnesses in ordinary probate proceedings where lack of testamentary capacity is alleged. The argument that such a right exists is plainly fallacious. As this result is beyond the scope of the statute it follows that the present motion must be denied.

Submit order on notice.